IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON K. BRILL and JUDITH CARDENAS BRILL,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant.<br>                                      / | No. C 10-05104 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING** |

## INTRODUCTION

In this tax refund action, defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs claim they were due a casualty loss deduction from their income taxes for the year 2004 that entitles them to a recovery of $69,119, plus interest. Because federal regulations preclude plaintiffs' claim as stated in the complaint, defendant's motion is **GRANTED**.

## STATEMENT

Plaintiffs Jon and Judith Brill seek a tax refund in the amount of $69,119, plus interest, from their 2004 federal income taxes. Plaintiffs' complaint recounts facts from, references, and appends certain documents: (i) their claim for refund submitted to the IRS as an Amended U.S. Individual Income Tax Return, Form 1040X, for 2004 (Compl. Exh. A), (ii) the IRS denial of that claim (Compl. Exh. B), and (iii) the IRS Appeals Office denial of plaintiffs' appeal (Compl. Exh. C).

1    Plaintiffs' claim for refund stated that a condominium that they purchased in 1999
2 underwent construction over a three-year period that ended on or about January 1, 2003. The
3 construction included installing a new kitchen, floors, and floor joists under the kitchen. In
4 mid-2004, plaintiffs discovered cracks in the new kitchen cabinets and that the kitchen floor was
5 not level. A subsequent investigation revealed that one of the new floor joists had cracked. This
6 caused "a substantial diminution in the value of the property" (Compl. Exh. A).

7    The claim for refund also states that plaintiffs pursued claims related to the damage caused
8 by the cracked joist "under their homeowners' policy with State Farm Insurance, and against the
9 negligent contractor." Plaintiffs "ultimately received a recovery from their own insurance
10 company, and from the contractor's insurance companies, [but] the net recovery after payment of
11 attorney's fees and costs was only $1,126." An appraisal report submitted with the claim for
12 refund references an arbitration statement from 2007, which is presumably related to these claims
13 pursued by plaintiffs (*ibid.*).

**ANALYSIS**

15    To survive a motion to dismiss, a complaint must contain sufficient factual matter,
16 accepted as true, to state a claim to relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v.*
17 *Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual
18 allegations to draw a reasonable inference that a defendant is liable for the misconduct alleged.
19 While a court "must take all of the factual allegations in the complaint as true," it is "not bound to
20 accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Bell*
21 *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and
22 unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."
23 *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

24    Defendant, the United States of America, moves to dismiss the complaint on the ground
25 that federal regulations foreclose plaintiffs' claim for a tax refund. The complaint asserts a claim
26 of entitlement to a casualty loss deduction under 26 U.S.C. 165, which states that individuals can
27 claim deductions for casualty losses to property "sustained during the taxable year and not
28 compensated for by insurance or otherwise." Federal regulations promulgated pursuant to this

2

code section specify the allowable scope of such deductions. One regulation section in particular is at the heart of the parties' dispute in the instant motion:

> (b) Nature of loss allowable. To be allowable as a deduction under section 165(a), *a loss must be evidenced by closed and completed transactions, fixed by identifiable events*, and . . . actually sustained during the taxable year. . . .
>
> (d) Year of deduction. (1) A loss shall be allowed as a deduction under section 165(a) only for the taxable year in which the loss is sustained. For this purpose, *a loss shall be treated as sustained during the taxable year in which the loss occurs as evidenced by closed and completed transactions and as fixed by identifiable events occurring in such taxable year*. . . .
>
> (2)(i) *If a casualty or other event occurs which may result in a loss and, in the year of such casualty or event, there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, no portion of the loss with respect to which reimbursement may be received is sustained, for purposes of section 165, until it can be ascertained with reasonable certainty whether or not such reimbursement will be received.* Whether a reasonable prospect of recovery exists with respect to a claim for reimbursement of a loss is a question of fact to be determined upon an examination of all facts and circumstances. Whether or not such reimbursement will be received may be ascertained with reasonable certainty, for example, by a settlement of the claim, by an adjudication of the claim, or by an abandonment of the claim. . . .
>
> (ii) If in the year of the casualty or other event a portion of the loss is not covered by a claim for reimbursement with respect to which there is a reasonable prospect of recovery, then such portion of the loss is sustained during the taxable year in which the casualty or other event occurs. For example, if property having an adjusted basis of $10,000 is completely destroyed by fire in 1961, and if the taxpayer's only claim for reimbursement consists of an insurance claim for $8,000 which is settled in 1962, the taxpayer sustains a loss of $2,000 in 1961. However, if the taxpayer's automobile is completely destroyed in 1961 as a result of the negligence of another person and there exists a reasonable prospect of recovery on a claim for the full value of the automobile against such person, the taxpayer does not sustain any loss until the taxable year in which the claim is adjudicated or otherwise settled. If the automobile had an adjusted basis of $5,000 and the taxpayer secures a judgment of $4,000 in 1962, $1,000 is deductible for the taxable year 1962. If in 1963 it becomes reasonably certain that only $3,500 can ever be collected on such judgment, $500 is deductible for the taxable year 1963. . . .

26 C.F.R. 1.165-1 (emphasis added). Again, plaintiffs' claim is limited to the 2004 tax year. Pursuant to the above-italicized sections of this regulation, the government moves to dismiss the complaint. Specifically, the government argues that the casualty loss claimed by plaintiffs was not "closed and completed" in 2004, because plaintiffs had "a claim for reimbursement with respect to which there [was] a reasonable prospect of recovery" in 2004 *according to plaintiffs' own complaint*, which forecloses recovery under this regulation. Hence, the loss was not "fixed" in 2004 and plaintiffs are not entitled to their claimed recovery.

3

This order agrees. As stated above, plaintiffs' own complaint, by incorporating their claim for refund with the IRS, states that they were able to and did pursue reimbursement for their casualty loss after 2004. Thus, the loss was not "fixed" or "closed and completed" in 2004, the year for which the right to a deduction is claimed. Plaintiffs' opposition makes conclusory statements, just as their complaint does, that the loss occurred in 2004, but such statements flatly ignore the regulation repeated above and its application to the factual allegations in the complaint. Plaintiffs' further arguments are also unavailing.

*First*, plaintiffs argue that because the regulation states that "whether a reasonable prospect of recovery exists with respect to a claim for reimbursement of a loss is a question of fact," plaintiffs therefore present a question of fact. Not so. Once again, *the complaint itself* belies plaintiffs' claim by incorporating statements that they continued to pursue recovery for the loss at least through 2007.

*Second*, plaintiffs review three decisions cited by defendant in its motion in order to distinguish them (Opp. 7–8). Yet the decisions do not cut against defendant's position, even if they are not on all fours. Plaintiffs reiterate that the terms "closed" and "fixed" are used to describe the event giving rise to the loss and do not define the reasonable prospect of recovery. That begs the question whether this complaint presents factual allegations of such reasonable prospect in 2004.

*Third*, plaintiffs argue that there was no reasonable prospect of recovery at the end of 2004, even though later they did recover on the loss. Plaintiffs append the declaration of Jon Brill and request consideration of its additional facts, but such consideration is inappropriate in the context of a motion to dismiss. *See Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), *overruled on other grounds*, *Galbraith v. County of Santa Barbara*, 307 F.3d 1119 (9th Cir. 2002). Nevertheless, plaintiffs argue that, although we may say with the benefit of hindsight that there was a further recovery, there was no reasonable prospect of recovery in 2004.

Not according to the complaint. The complaint states that plaintiffs pursued claims related to the damage caused by the cracked joist "under their homeowners' policy with State Farm Insurance, and against the negligent contractor," and that plaintiffs "ultimately received a

4

recovery from their own insurance company, and from the contractor's insurance companies"; the complaint indicates that such claims were being pursued through 2007 (Compl. Exh. A). Thus, according to the complaint, there was a reasonable prospect of recovery for the loss in 2004 and plaintiffs pursued that prospect.

Plaintiffs cite several old decisions for the proposition that our tax code does not require them to be "incorrigible optimist[s]" and that have allowed deductions for casualty loss in the year of the casualty, even though there was *some* possibility of an insurance recovery or other recovery in a later year. *See, e.g.*, *United States v. S.S. White Dental Mfg. Co. of Pa.*, 274 U.S. 398, 403 (1927). Plaintiffs repeat that their claim should proceed because there is a fact question about whether there was a reasonable prospect for recovery in 2004. Once again, the complaint does not present such a question because it sets forth that such prospect for recovery did exist. Under 26 C.F.R. 1.165-1, the casualty loss could not be claimed in 2004 and plaintiffs have accordingly not stated a claim upon which relief can be granted.

**CONCLUSION**

Defendant's motion to dismiss is therefore **GRANTED**, and the hearing on February 10, 2011, is **VACATED**.

Within **FOURTEEN CALENDAR DAYS**, plaintiffs must file a motion to be heard on **MARCH 17, 2011, AT 2:00 P.M.**, and to be briefed on the normal 35-day track, seeking to cure the foregoing deficiencies. A proposed amended complaint must be appended to such a motion, and the motion should clearly explain why the amended complaint overcomes the deficiencies stated herein. If plaintiffs do not file a motion for leave to file an amended complaint by the deadline, this case will be dismissed.

The case management conference scheduled for February 10, 2011, is **CONTINUED** to **MARCH 17, 2011, AT 3:00 P.M.**

**IT IS SO ORDERED.**

Dated: January 26, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5